JEROME J. WOODRUFF, Respondent, *v.* THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, Appellant.

*Conflict of evidence — case properly submitted to the jury.*

Where, upon the trial of an action brought to recover damages caused by the alleged narrowing of a bridge and the obstruction of a stream by the defendant, by reason of which water was caused to flow upon and damage the plaintiff's land, the evidence on behalf of the plaintiff tends to sustain the allegations of the complaint, and the evidence of the defendant is calculated to show that the bridge was not narrowed or the stream obstructed to the extent claimed by the plaintiff, and that the plaintiff's injury was not the result of any improper or negligent act of the defendant, but resulted from other causes, the case is properly submitted to the jury and its verdict should not be disturbed.

APPEAL by the defendant, the Syracuse, Binghamton and New York Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cortland on the 11th day of April, 1892, upon the verdict of a jury for $400 rendered at the Cortland Circuit, and also from an order made and entered in said clerk's office on the 24th day of January, 1893, denying the defendant's motion for a new trial on a

case, and also from the judgment entered in said clerk's office on the 24th day of January, 1893, denying said motion for a new trial.

*Jenney & Marshall,* for the appellant.

*Franklin Pierce,* for the respondent.

PER CURIAM:

The plaintiff's evidence tended to show that the defendant, by narrowing a bridge rebuilt by it on the line of its railroad, and by placing and leaving in the stream under or near it a quantity of stones, cement and other materials, so obstructed the stream as to cause the water thereof to set back upon his premises, which were used partly as meadow and pasture and partly as a brick yard; that by reason thereof he sustained damage to an amount greatly in excess of the amount of the recovery herein.

The evidence of the defendant, however, was calculated to show that the bridge was not narrowed or the stream obstructed to the extent claimed by the plaintiff, and that the plaintiff's injury was not the result of any improper or negligent act of the defendant, but resulted from other causes for which it was not responsible.

Upon conflicting evidence the court submitted the case to the jury by a charge which was certainly as favorable to the defendant as it could properly ask. The jury found for the plaintiff. A careful reading of the evidence contained in the appeal book has lead us to the conclusion that upon the proof the question was for the jury; that the evidence was sufficient to justify the verdict, and that the judgment should not be disturbed unless there was some ruling which requires a reversal.

We have carefully examined all the rulings of the court and exceptions to its charge to which our attention has been called by the appellant in its brief, but have found none that require a reversal or that need be specially considered.

The judgment and order must be affirmed, with costs.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment and order affirmed, with costs.